UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION

| | |
|---|---|
| In re the Application of: § | |
| § | |
| Israel Salazar Vazquez, § | |
| Petitioner § | |
| § | Civil Action No. 19-cv-523 |
| and § | |
| § | |
| Gabriela Michelle Quiroga Mancha, § | |
| Respondent § | |

## VERIFIED PETITION FOR RETURN OF MINOR CHILDREN TO THEIR HABITUAL RESIDENCE (MEXICO)

### I.    PREAMBLE

1. This Petition is brought by Israel Salazar Vazquez ("Petitioner") pursuant to the Convention on the Civil Aspects of International Child Abduction[1] ("Convention") and 22 U.S.C. § 9003 (b), The International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. 9001 et. seq. (2001), the implementing statute for the United States.

2. Respondent is Gabriela Michelle Quiroga Mancha ("Respondent") who presently resides at 5532 Saffron Way, Leon Valley, Bexar County, Texas, 78238 where service of process may be had.

3. Petitioner and Respondent are the parents of F.A.S.Q., M.S.Q. AND M.J.S.Q., minor children, born February 1, 2008, September 30, 2011, and July 4, 2014, respectively.

---

[1] Done at The Hague, October 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 22514

Page | 1    Verifed Petition for Return of Children to Their Habitual Residence (Mexico)

4.  The Convention went into effect in the United States of America on July 1, 1988, and went into effect in the United Mexican States ("Mexico") on September 1, 1991, which is the effective date for the beginning of enforcement of the Convention between the two countries. The Convention was adopted in 1980 in response to the problem of international child abductions during domestic disputes. *Abbott v. Abbott*, 130 S. Ct. 1983 at 1990 (2010).

5.  The objects of the Convention are "To secure the prompt return of children wrongfully retained or removed in any Contracting State; and To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States. (*Abbott*, Id.; Hague Convention Article 1(a) and (b))

6.  The Convention's primary aims are to "restore the pre-abduction status quo and to deter parents from crossing borders in search of a more sympathetic court." *England v. England*, 234 F.3d 268 (5th Cir. 2000) citing *Friedrich v. Friedrich*, 78 F.3d 1060, 1063 (6th Cir. 1996). Requiring a return remedy in cases like this one helps deter child abductions and respects the Convention's purpose to prevent harms resulting from abductions. *Abbott, supra*.

## II.   JURISDICTION

7.  This Court has jurisdiction of this cause pursuant to 22 U.S.C. §9001 et. seq.; 28 U.S.C. 1367(a); and 28 U.S.C.1331 because this matter involves the wrongful international abduction and retention of a minor children and denial of access to minor children under the age of sixteen (16). Upon information and belief, the minor children

F.A.S.Q., M.S.Q. AND M.J.S.Q., the subject of this action, are located within the jurisdiction of this Court.

### III. VENUE

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) because Respondent resides within the judicial district of this Court.

### IV. *PRIMA FACIE* CASE FOR RETURN OF MINOR CHILDREN

9. Petitioner's Application for the return of the minor children F.A.S.Q., M.S.Q. AND M.J.S.Q., filed through the Central Authorities of the Mexico and the United States, is attached as **Exhibit "A"**.

10. Pursuant to the Convention, "The removal or the retention of a child is to be considered wrongful where:

> a) it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and
>
> b) at the time of removal or retention those rights were actually exercised, either jointly or alone or would have been so exercised but for the removal or retention.
>
> The rights of custody mentioned in sub-paragraph a) above, may arise in particular by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of that State." (Hague Convention Article 3).

11. In the Fifth Federal Circuit, a *prima facie* case for wrongful removal (or retention) pursuant to the Convention consists of three elements that must be established by a preponderance of the evidence. *Larbie v. Larbie*, 690 F. 3d. 295, 307 (5th Cir. 2012). "First, the petitioner must show that the respondent removed or retained the child somewhere

Page | 3     Verifed Petition for Return of Children to Their Habitual Residence (Mexico)

other than the child's habitual residence." *Id.* Second, if petitioner is successful in proving the threshold element, then the "question becomes whether the removal or retention violated the petitioner's 'rights of custody' under the habitual-residence nation's laws." *Id.* (citations omitted). And third, if petitioner has rights of custody under the habitual-residence nation's laws, then petitioner need only make a final showing that "at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention." *Id.* (quoting Convention art. 3(b)).

12.   <u>Mexico is the habitual residence of F.A.S.Q., M.S.Q. AND M.J.S.Q.</u> While habitual residence is not defined in the Convention or ICARA, the Fifth Circuit has joined a majority of circuits and adopted "an approach that begins with the *parent's shared intention or settled purpose regarding their child's residence.*" *Larbie v. Larbie*, 690 F. 3d. 295, 310 (5th Cir. 2012) (Internal citations omitted). (Emphasis added).

> "This approach does not ignore the child's experience, but rather gives greater weight to the parents' subjective intentions relative to the child's age. For example, parents' intentions should be dispositive where, as here, the child is so young that ''he or she cannot possibly decide the issue of residency.'' *Whiting*, 391 F.3d at 548–49 (citing English case that looked to parents' intentions because the child was ''two and one-half years old at the time of her abduction'').

13.   The threshold test for "habitual residence" in the Fifth Circuit is whether both parents intended to abandon the habitual residence. *Larbie,* at 310-311, citing *Mozes,* 239 F.3d at 1075; and *Whiting,* 391 F.3d at 549–50. (Emphasis added). In the instant case, Petitioner has never consented to abandoning Mexico as the habitual residence of the children. F.A.S.Q., M.S.Q. AND M.J.Q.M were born in, and resided in Mexico their entire

lives, until their wrongful abduction from Mexico and retention in the United States on or about January 11, 2019. The habitual residence of F.A.S.Q., M.S.Q. AND M.J.S.Q. is Mexico within the meaning of Article Four of the Convention.

14. <u>Petitioner has rights of custody</u> F.A.S.Q., M.S.Q. AND M.J.S.Q. in their habitual residence of Mexico pursuant to court order (Exhibit A); the civil law of the state of Nuevo Leon, Mexico (Exhibit A) and the legal doctrine of *Patria Potestad*. *Patria Potestad* is derived from the Latin term *patria potestas*, which in Roman law, conveyed absolute and despotic rights of a father over his children. Patricia Begné, *Parental Authority and Child Custody in Mexico*, 39 Fam. L.Q. 5s27, 527, 529 (2005). In Mexico, *Patria Potestad* is the "most comprehensive" right that a parent can exercise over the person and property of his or her minor children. Stephen Zamora, José Ramón Cossío, Leonel Pereznieto, José Roldán-Xopa, and David Lopez, *Mexican Law, Oxford University Press, (2005)*. <u>Also see,</u> *Saldivar v. Rodela,* 894 F.Supp.2d 916 (2012), discussing the doctrine and quoting *Begne* and *Zamora, et al,* at length. Petitioner has *ne exeat* rights to consent to the removal of the minor children F.A.S.Q., M.S.Q. AND M.J.S.Q. from Mexico pursuant to his rights of *Patria Postetad* and therefore, the right to determine the place of their residence within the meaning of Articles Three, Five and Twenty-One of the Convention.

15. Petitioner was exercising his rights of custody at the time of the wrongful removal of F.A.S.Q., M.S.Q. AND M.J.S.Q. from Mexico. *See,* Application, Exhibit A.

**V.   NO EXCEPTIONS TO RETURNING CHILDREN TO MEXICO**

16. The Petitioner did not consent to, nor did he subsequently acquiesce in the removal and retention of F.A.S.Q., M.S.Q. AND M.J.S.Q. outside of Mexico. The retention of F.A.S.Q., M.S.Q. AND M.J.S.Q. by Respondent in the United States is wrongful pursuant to Article 3 of the Convention because it is in breach of Petitioner's rights of custody including the right to determine the residence of F.A.S.Q., M.S.Q. AND M.J.S.Q.

17. This Court ordering the immediate return of the children to their habitual residence in Mexico will not expose them to a grave risk of physical or psychological harm nor otherwise place them in an intolerable position pursuant to Article 13(b) nor would their return be prohibited under the fundamental principles of the United States of America relating to the protection of human rights and fundamental freedoms pursuant to Article 20 of the Convention. Further, there are no facts supporting any other exception to the return of the children to Mexico.

## VI.   EXPEDITIOUS PROCEDURES

18. The primary objective of the Convention is "to secure the *prompt return* of children wrongfully removed to or retained in any Contracting State; and to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States." (Convention Article 1) (Emphasis Added). The Convention Article 2 provides that the Contracting States "...shall use *the most expeditious procedures available*." (Emphasis added). The Convention Article 11 provides that "The judicial or administrative authorities of Contracting States *shall act expeditiously in proceedings for the return of children*." (Emphasis added). ICARA expressly provides that "Children who

Page | 6    Verifed Petition for Return of Children to Their Habitual Residence (Mexico)

are wrongfully removed or retained within the meaning of the Convention are to be *promptly returned…"* 22 U.S.C. § 9001 (a) (4) (Emphasis added). Courts hearing Convention cases *should proceed and rule on such cases expeditiously. Abbott, supra.* (Emphasis added).

19.     This proceeding was commenced less than one year from the date of wrongful removal of F.A.S.Q., M.S.Q. AND M.J.S.Q. and pursuant to Article 12 of the Convention their return *forthwith* to Mexico should be ordered by the Court

### VII.    PROVISIONAL REMEDIES

20.     This Court, in furtherance of the objective the Convention may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent further removal or concealment before the final disposition. 22 U.S.C. § 9004.

21.     Respondent wrongfully retains F.A.S.Q., M.S.Q. AND M.J.S.Q. in the United States of America. Petitioner seeks an *Ex Parte* Temporary Restraining Order *Ne Exeat* which is to be served upon the Respondent with the other initiating process and documents. Petitioner requests that the Court order the surrender of the children's passports or other travel documents, if any, at the time of service. Petitioner also requests that the hearing on the TRO be consolidated with the hearing on the preliminary injunction motion and with a hearing on the merits of the Verified Petition to Return, pursuant to Rule 65(a) (2) of the Federal Rules of Civil Procedure. In the alternative, Petitioner request that the Court order an expedited hearing on the merits of the Verified Petition to Return.

Page | 7     Verifed Petition for Return of Children to Their Habitual Residence (Mexico)

22.   The procedural vehicle for a temporary restraining order without notice is Federal Rule of Civil Procedure 65(b). Texas state law allows identical orders to this *ne exeat* order, pursuant to Texas Family Code § 105.001 and allows the application and issuance to be made *ex parte*. The legal effect of the two orders is identical, to preserve the residence and location of the child so a court may effectively adjudicate a pending action. Therefore, this application follows 22 U.S.C. § 9004 and is in accord with state law in its substance and procedure. The Order *Ne exeat* affords precisely the same due process rights of immediate redress to the court. A copy of Texas Family Code § 105.001 is attached as **Exhibit "B"** for the court's reference.

23.   In *Klam v Klam*, 797 F Supp 202, 206 (EDNY 1992), interpreting 22 USC section 9004(a), reference is made to due process under state child custody jurisdictional procedural law. In Texas, the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), Texas Family Code § 152.311, provides for the same relief in that it authorizes a warrant to take physical custody of a child if under subsection (a)"...if the child is immediately likely ... [to] be removed from this state". The warrant may be obtained *ex parte*. The temporary restraining order *ne exeat* requested by Petitioner and requiring maintenance of the children's present location and prohibiting their removal from the state, is in accord with the remedies available to the court under the authority of 22 USC § 9004.

24.   Petitioner requests an order restraining any removal of the minor children F.A.S.Q., M.S.Q. AND M.J.S.Q. from the state of Texas and their present location until the case can be brought before the court.

Page | 8    Verifed Petition for Return of Children to Their Habitual Residence (Mexico)

25.     This order is not a custody determination in that it does not establish, change or modify legal or physical custody, or any custody or access rights.

26.     The Federal Rules of Civil Procedure require the posting of security by plaintiff "in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." FRCP 65(c).  Petitioner is of modest economic means and requests the Court grant him a waiver to the posting of security because he has, by this pleading, established a *prima facie* case for return of the children to Mexico pursuant to the Convention.  There is little or no likelihood that the Respondent will suffer any costs or damages during the pending expedited proceedings in which they may exercise their right to immediate redress at the hearing to be set by this Court.  Further, this order will not cause the removal of the minor child from Respondent during the pendency of the hearing, although the *Klam* case, and other cases authorize their removal.

27.     Pursuant to the Convention Art. 21, this Court should provide an order for interim, access and visitation in person, and unfettered telephone and other social media access of the Petitioner with the minor children pending the final outcome herein.

28.     It is requested that the Court order Respondent and any other person having current control and custody over F.A.S.Q., M.S.Q. AND M.J.S.Q. to personally appear with the children forthwith. *Zajackenska v. Zajackenska*, 932 F. Supp. 128, 132 (the Court must treat the Convention petition as an application for a Writ of Habeas Corpus…pursuant to 28 U.S.C.A. 2243).

Page | 9    Verifed Petition for Return of Children to Their Habitual Residence (Mexico)

29. The issue of custody must be addressed under Mexican Law.

'rights of custody' shall include rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence;" Hague Convention Article 5(a).

30. Pursuant to Art. 14 of the Convention, this Court may take notice directly of Mexican law without recourse to the specific procedure for proof of that law. See also Art. 15; Fed. R. Civ. P. 44.1.

31. An Affidavit of Attorney and Certification Pursuant to Federal Rule of Civil Procedure 65(b) (2) is attached as **Exhibit "C"**.

## VIII.   NOTICE OF HEARING

32. Pursuant to 22 U.S.C. § 9003(e), the Petitioner requests that Respondent be given notice of any hearing in accordance with the Texas Uniform Child Custody Jurisdiction and Enforcement Act. Texas Family Code § 152.309.

## IX.   ATTORNEYS' FEES AND COSTS

33. Petitioner has incurred and will continue to incur substantial expenses as a result of the wrongful removal and retention of the children. Petitioner will submit a copy of all expenditures and will amend those costs according to proof and in light of further expenditures. Petitioner respectfully requests that this Court award all legal costs and fees incurred to date as required by 22 U.S.C. 9007, reserving jurisdiction over further expenses.

## X.   RELIEF SOUGHT

34. WHEREFORE, Petitioner respectfully requests the following relief:

Page | 10   Verifed Petition for Return of Children to Their Habitual Residence (Mexico)

A. An Order directing the prompt return of F.A.S.Q., M.S.Q. AND M.J.S.Q. to Mexico;

B. An Order directing the Respondent to arrange for and permit Petitioner immediate, regular and unfettered physical, telephonic and other social media access to F.A.S.Q., M.S.Q. AND M.J.S.Q. pending the resolution of this matter;

C. A Temporary Restraining Order setting an expedited hearing on the Petition for Return and Access, and ordering the Respondent to appear personally with the minor children F.A.S.Q., M.S.Q. AND M.J.S.Q. in this Court;

D. A *ne exeat* order, prohibiting the removal of the minor children F.A.S.Q., M.S.Q. AND M.J.S.Q. from the jurisdictional limits of this Court;

E. Consolidation of the hearing on the Temporary Restraining Order with any hearing on a Preliminary Injunction and with the hearing on the merits of the Petition for Return and immediate access to the minor children;

F. Attorney's fees and costs.

G. General Relief.

/s/ *Gary Caswell*
_____
GARY CASWELL
Texas State Bar No. 03997500
caswell.gary@gmail.com
110 Broadway, Suite 510
San Antonio, Texas 78205 USA
Office: +210-202-2312
Mobile +210-414-1645
Fax: +210-701-8293

ATTORNEY FOR PETITIONER

**VERIFICATION**

I, ISRAEL SALAZAR VAZQUEZ solemnly declare and affirm under the penalties of perjury and the laws of the United States of America that the contents of the foregoing Petition are true to the best of my knowledge, information and belief.

_____
ISRAEL SALAZAR VAZQUEZ

SUBSCRIBED AND SWORN TO BEFORE ME THIS 14th DAY OF May, 2019.

_____
NOTARY PUBLIC



YAZMIN YAHARIA MARTINEZ
Notary Public, State of Texas
Comm. Expires 07-05-2021
Notary ID 129479312